UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| NATHANIEL LIVINGSTON, JR., *et al.*, | : | Case No. 1:06-cv-337 |
| Plaintiffs, | : | Barrett, J. |
| | : | Black, M.J. |
| vs. | : | |
| JAMES T. REDWINE, *et al.*, | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND MANDATORY INJUNCTION (Doc. 4) SHOULD BE DENIED**

This civil action is before the Court on a motion by *pro se* Plaintiffs, Nathaniel Livingston, Jr. and Kleophaus Livingston, seeking preliminary injunctive relief under Fed. R. Civ. P. 65. (Doc. 4.) Plaintiffs seek an order requiring certain Defendants (*i.e.*, the City of Covington, Kentucky, James T. Redwine, William Crockett, Thomas E. Schonecker) immediately to return to Plaintiffs' possession a "purple 1993 Ford Explorer," which Plaintiffs allege is being held in the Covington Police Department's Impoundment Lot. (*Id.*) Plaintiffs also seek an order restraining all Defendants (*i.e.*, also including the City of Cincinnati, Ohio and Thomas Streicher) "from further seizing, towing, converting, or possessing any vehicle belonging to either Plaintiff without first having their express permission or lawful authority." (*Id.*) For the reasons that follow,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

the motion should be denied.

## DISCUSSION

**A.  Whether preliminary injunctive relief is warranted**

Preliminary injunctive relief is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it.  *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)); *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (en banc).

In determining whether to issue a temporary restraining order or a preliminary injunction, the Court must examine four factors: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction.  *Id.*  These factors are not prerequisites, but are factors that are to be balanced against each other.  *Id.*  (citations omitted).

Here, an analysis of these factors reflects that preliminary injunctive relief is not warranted in this case.

*1.  Likelihood of success on the merits*

First, Plaintiffs have not met their burden of showing a strong likelihood of success on the merits.

Although an impoundment of an automobile is a seizure within the meaning of the

2

Fourth Amendment, *see Miranda v. City of Cornelius*, 429 F.3d 858, 861 (9th Cir. 2005), Plaintiffs cannot prevail on their claim of a Fourth Amendment violation absent evidence that Defendants' actions were objectively unreasonable.

Plaintiffs cannot prevail on their claim of a due process violation absent evidence that available state remedies are inadequate. *See Jefferson v. Jefferson County Public Sch. Sys.,* 360 F.3d 583, 588 (6th Cir. 2004) (and cases cited therein).

Plaintiffs cannot prevail on their claim of an equal protection violation absent proof of invidious discriminatory intent. *See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977). Conclusory allegations by themselves do not establish an equal protection violation. *Id.*

Plaintiffs also cannot prevail on their claim of a civil conspiracy without evidence to show it, and their conclusory allegations are insufficient to make this showing. *See Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004) ("Claims of [civil] conspiracy must be pled with some specificity: vague and conclusory allegations that are unsupported by material facts are not sufficient to state a § 1983 claim.").

Finally, Plaintiffs have not shown a likelihood of success on the merits of their state law claim of conversion. To prove conversion, Plaintiffs must evidence a wrongful or unauthorized act of control or dominion over their property. *See State Automobile Mut. Ins. Co. v. Chrysler Credit Corp.*, 792 S.W.2d 626 (Ky. Ct. App. 1990) (Kentucky law); *Taylor v. First National Bank of Cincinnati*, 31 Ohio App. 3d 49, 508 N.E.2d 1006 (Ohio 1986) (Ohio law). Plaintiffs have not done so, and, indeed, the impounding of a

vehicle which authorities believe was involved in a crime is not illegal under state law. *See, e.g., Pack v. Commonwealth*, 610 S.W.2d 594, 597 (Ky. 1980).

In sum, Plaintiffs have failed to meet their burden of showing a strong likelihood of success on the merits.

*2. Irreparable harm*

Second, Plaintiffs cannot show irreparable harm.

Although a plaintiff can demonstrate that a denial of an injunction will cause irreparable harm if his claim is based, as in the present case, upon a violation of the plaintiff's constitutional rights, he is not entitled to an injunction if he fails to state a cognizable claim. *See Overstreet*, 305 F.3d at 578. Accordingly, here, because Plaintiffs have not shown a strong likelihood of success on the merits of their constitutional claims, *see supra*, the Court need not address whether they would suffer irreparable harm if their request for injunctive relief were denied. *Id.*

Moreover, Plaintiffs cannot demonstrate irreparable harm based on their state law claim of conversion because any injury resulting from the alleged wrongful taking of their property may be compensated by monetary damages. *See Performance Unlimited, Inc. v. Questar Publishers, Inc.,* 52 F.3d 1373, 1382 (6th Cir. 1995).[2]

*3. Substantial harm to others and whether the public interest would be served*

Finally, granting the requested injunctive relief, *i.e.*, the return of the vehicle, could

---

[2] In their complaint, Plaintiffs seek monetary damages in excess of $150,000.00. (Doc. 3-1 at 15.) They do not maintain that such an award, if made, would be inadequate to compensate them.

cause substantial harm and would not serve the public interest. That is, insofar as Plaintiffs allege that the vehicle is being held in conjunction with a criminal investigation (*see* Doc. 3-2 at 11), a premature return could potentially jeopardize public safety concerns and, *a fortiori*, would not serve the public interest.

Plaintiffs also seek the issuance of a temporary restraining order to enjoin all Defendants "from further seizing, towing, converting, or possessing any vehicle belonging to either Plaintiff without first having their express permission or lawful authority." (Doc. 4.) However, the issuance of such a temporary restraining order is not warranted here as one may be issued only "if it clearly appears from specific facts . . . that immediate and irreparable injury, loss or damage will result." Fed. R. Civ. P. 65(b). Plaintiffs have made no such showing.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiffs' motion for a temporary restraining order and mandatory injunction (Doc. 4) should be **DENIED.**


Date: 7/3/06                                             s/Timothy S. Black
                                                         Timothy S. Black
                                                         United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| NATHANIEL LIVINGSTON, JR., *et al.*, | : | Case No. 1:06-cv-337 |
| Plaintiffs, | : | Barrett, J. |
| | : | Black, M.J. |
| vs. | : | |
| JAMES T. REDWINE, *et al.*, | : | |
| Defendants. | : | |

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).