**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Nathaniel Livingston, Jr., *et al.*,

    Plaintiffs,

    v.                               Case No. 1:06cv337

James T. Redwine, *et al.*,             Judge Michael R. Barrett

    Defendants.

### ORDER

This matter is before the Court upon Magistrate Judge's Report and Recommendation ("R&R") that (1) Defendants' Unopposed Motion for Judgment on the Pleadings (Doc. 36) be granted; (2) this action be dismissed in its entirety, with prejudice, for failure to prosecute; and (3) this case be closed.

The Parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).[1] Plaintiff Nathaniel Livingston filed timely Objections to the R&R. (Doc. 44) Defendants James T. Redwine and William Crockett filed a Response to Plaintiff's Objections. (Doc. 47) This matter is now ripe for review.

**I. BACKGROUND**

Plaintiffs, Nathaniel Livingston, Jr. and Kleophaus N. Livingston, brought this civil rights action seeking injunctive and monetary relief based in part on the alleged unlawful

---

[1] A notice was attached to the Magistrate's Report and Recommendation regarding objections.

deprivation of property, a 1993 Ford Explorer, in violation of their constitutional rights and in violation of the laws of Ohio and Kentucky. (Doc. 3) The vehicle was allegedly withheld from Plaintiffs as part of a criminal investigation. (Id., ¶ 33) Named Defendants include James T. Redwine, William Crockett, Thomas Schonecker, the City of Covington Kentucky, Thomas Streicher, Jr., and the City of Cincinnati, Ohio. (Id.)

The relevant procedural history of this case is as follows:

**June 23, 2006** - Plaintiffs filed an Amended Complaint which listed Nathaniel Livingston's address on Witler Street and Kleophaus Livingston's address on Deshler Drive. (Doc. 3) On this same date, Plaintiffs filed a Motion for a Temporary Restraining Order seeking the return of the vehicle. (Doc. 4)

**June 30, 2006** - the Magistrate Judge held a preliminary telephone conference pursuant to S.D. Ohio Civ. R. 65.1(a). Plaintiffs failed to participate in the conference, and the Magistrate Judge was unable to conduct the conference.

**July 3, 2006** - the Magistrate Judge entered an R&R recommending that Plaintiffs' Motion for a Temporary Restraining Order be denied. (Doc. 11)

**July 24, 2006** - the copy of the Magistrate Judge's R&R denying Plaintiffs' Motion for a Temporary Restraining Order sent to Nathaniel Livingston's address on Witler Street is returned to the Clerk's Office. (Doc. 16) Nevertheless, Nathaniel Livingston files objections to the R&R on this same date. (Doc. 17)

**August 4, 2006** - the copy of the Magistrate Judge's R&R denying Plaintiffs' Motion for a Temporary Restraining Order sent to Kleophaus Livingston's address on Deshler Drive is returned to the Clerk's Office. (Doc. 19)

**August 8, 2006** - this Court adopted the Magistrate Judge's R&R denying Plaintiffs' Motion for a Temporary Restraining Order. (Doc. 20)

**August 14, 2006** - the copy of this Court's Order adopting the Magistrate Judge's R&R denying Plaintiffs' Motion for a Temporary Restraining Order sent to Kleophaus Livingston's address on Deshler Drive is returned to the Clerk's Office. (Doc. 21)

**August 17, 2006** - Nathaniel Livingston files a second Motion for Temporary Restraining Order. (Doc. 22)

**August 29, 2006** - the copy of this Court's Order adopting the Magistrate Judge's

R&R denying Plaintiff's Motion for a Temporary Restraining Order sent to Nathaniel Livingston's address on Witler Street is returned to the Clerk's Office. (Doc. 23) The certified mail receipt shows that the letter was unclaimed.

**September 5, 2006** - The executed waiver of service by Defendants Redwine and Crockett are entered into the record. (Doc. 26) The waivers were signed on August 21 and 31, 2006.

**October 26, 2006** - Defendants Redwine and Crockett file their Motion for Judgment on the Pleadings, or in the Alternative for Summary Judgment. (Doc. 36) Counsel for Defendants attach a certificate of service which shows that a copy of the Motion was served by U.S. Mail upon Nathaniel Livingston on Witler Street and Kleophaus Livingston on Deshler Drive.

**November 3, 2006** - The Parties enter their Rule 26(f) Report. (Doc. 37) In the report, the Parties state that the Parties met telephonically, with the exception of Defendants Thomas Streicher, Jr., City of Cincinnati, and John and Jane Does 1-10. The report also states: "Defendants Crockett and Redwine object that initial disclosures are not appropriate in the circumstances of the action prior to a ruling on their pending motion for judgment on the pleadings, which asserts defenses of lack of personal jurisdiction and failure to state a claim that could foreseeably make such disclosures unnecessary." Counsel for Defendants attach a certificate of service which shows that a copy of the report was served by U.S. Mail upon Nathaniel Livingston on Witler Street and Kleophaus Livingston on Deshler Drive.

**March 21, 2007** - This Court denied Nathaniel Livingston's second Motion for Temporary Restraining Order. (Doc. 39) In the Order, the Court notes Plaintiffs have not opposed Defendants' assertion that the vehicle was available for release on September 11, 2006.

**April 11, 2007** - This Court's Order denying Plaintiff's second Motion for Temporary Restraining Order sent to Nathaniel Livingston's address on Witler Street is returned to the Clerk's Office. (Doc. 40) The certified mail receipt shows that the letter was unclaimed.

**April 16, 2007** - This Court's Order denying Plaintiff's second Motion for Temporary Restraining Order sent to Kleophaus Livingston's address on Deshler Drive is returned to the Clerk's Office. (Doc. 41) The certified mail receipt shows that there is a new address for Kleophaus Livingston on Hollybrook Court. On this same date, the Court's Order denying Plaintiff's second Motion for Temporary Restraining Order is reissued to the new address for Kleophaus Livingston. (Doc. 39)

**May 1, 2007** - The Magistrate Judge enters an Order to Show Cause why Defendants' Motion for Judgment on the Pleadings should not be construed as unopposed and granted. The Order is sent to Nathaniel Livingston's address on

Witler Street and to Kleophaus Livingston on Hollybrook Court by regular U.S. Mail. (Doc. 42) The record does not indicate that these letters were returned to the Clerk's Office. No response to the Order to Show Cause is filed.

**August 9, 2007** - The Magistrate Judge enters the currently pending R&R granting Defendants' Motion for Judgment on the Pleadings and dismissing Plaintiffs' action for failure to prosecute. (Doc. 43) A copy of the R&R is sent to Nathaniel Livingston's address on Witler Street and to Kleophaus Livingston on Hollybrook Court by certified mail.

**August 20, 2007** - Nathaniel Livingston files objections to the R&R. (Doc. 44) His signature block includes the same address on Witler to which all previous pleadings and orders have been sent.

**August 29, 2007** - the copy of the R&R sent to Nathaniel Livingston is returned to the Clerk's Office. (Doc. 45) The certified mail receipt shows that the letter was unclaimed.

**September 6, 2007** - the copy of the R&R sent to Kleophaus Livingston is returned to the Clerk's Office. (Doc. 48) The certified mail receipt shows that the letter was unclaimed.

## II.    MAGISTRATE JUDGE'S R&R

The Magistrate Judge found that it was possible to address Defendants Redwine and Crockett's Motion for Judgment on the Pleadings without reference to the supporting affidavits and matters outside the pleadings, and therefore it was not necessary to construe Defendants' Motion as one for summary judgment.

The Magistrate Judge found that this Court lacks personal jurisdiction over Defendants Redwine and Crockett because Plaintiffs failed to demonstrate any injury resulting from conduct by these Defendants in the State of Ohio. Instead, in the Amended Complaint, the actions of Redwine, identified as an Assistant Kenton County, Kentucky, Commonwealth Attorney, and Crockett, identified as a Kenton County, Kentucky, Commonwealth Attorney, all took place within Kentucky.

The Magistrate Judge also found that Plaintiffs' case should be dismissed in its

entirety for failure to prosecute. The Magistrate Judge cited to Plaintiffs' failure to respond to the Court's Order to Show Cause; and failure to notify the Court of all changes of address. The Magistrate Judge also noted that other than providing his change of address, Plaintiff Kleophaus Livingston has not filed any motion, memorandum, or responsive pleading since filing the Amended Complaint on June 23, 2006.

Plaintiff Nathaniel Livingston objects to the Magistrate Judge's R&R for the following reasons: (1) he was never served with Defendants Redwine and Crockett's Motion for Judgment on the Pleadings; (2) he never received the Magistrate Judge's Order to Show Cause; (3) he has never changed his address; (4) none of the Kentucky Defendants appeared for the telephone conference on June 30, 2006, but the Magistrate Judge did not issue an order to show cause to these Defendants; (5) Defendants Redwine and Crockett participated in the seizure, theft, towing, and conversion of the vehicle, which took place in Ohio; (6) even if Redwine and Crockett's actions did not take place in Ohio, they entered into a conspiracy with others who were in Ohio; (7) he suffered irreparable injury through the loss of his rights and property, even though it was for a minimal period of time; and (8) there has been no failure to comply with the Court's orders or a clear pattern of delay.

Plaintiff Nathaniel Livingston also seeks a evidentiary hearing to determine whether the Magistrate Judge should be removed from further exercising jurisdiction in this matter and if Plaintiffs are entitled to judgment on the pleadings, or in the alternative for summary judgment.

In response, Defendants Redwine and Crockett note that their Motion for Judgment on the Pleadings was served upon Plaintiff Nathaniel Livingston by U.S. Mail and not returned; and during the October 31, 2006 conference between the Parties, the Motion for

Judgment on the Pleadings was discussed, and Plaintiffs agreed to the inclusion in the Rule 26(f) Report of the objection by Defendants Redwine and Crockett that initial disclosures were not appropriate until after this Motion was ruled upon.  Defendant Crockett has filed an affidavit in support of these statements.  (Doc. 47-2)  Defendants Redwine and Crockett also argue that the Amended Complaint alleges that it was Chief Streicher and the Cincinnati Police who stole the vehicle and transported it from Ohio to Kentucky.

### III.     ANALYSIS

#### A.     Motion for Judgment on the Pleadings Standard

Rule 12(c) of the Federal Rules of Civil Procedure governs motions for judgment on the pleadings and provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(c).  This Court reviews a motion for judgment on the pleadings as it would a motion to dismiss under Fed.R.Civ.P. 12(b)(6).  *Mixon v. Ohio*, 193 F.3d 389, 399-400 (6th Cir. 1999).

#### B.     *Pro se* Pleadings

A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A court should make a reasonable attempt to read the pleadings to state a valid claim on which the plaintiff

could prevail, despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with the pleading requirements. *Ashiegbu v. Purviance*, 74 F.Supp.2d 740, 746 (S.D.Ohio 1998), *citing Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This standard does not mean, however, that *pro se* plaintiffs are entitled to take every case to trial. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

### C. Personal Jurisdiction

The party seeking assertion of *in personam* jurisdiction, bears the burden of showing that such jurisdiction exists. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). When the issue of personal jurisdiction is decided solely on the basis of written materials, the plaintiff is required only to make a *prima facie* case of jurisdiction. *Welsh v. Gibbs*, 631 F.2d 436, 438-39 (6th Cir. 1980), *cert. denied*, 450 U.S. 981 (1981).

"Where a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, personal jurisdiction over a defendant exists 'if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[ ] due process.' " *Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 477 (6th Cir. 2003), *quoting Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (citation omitted). Where the state long-arm statute extends to the limits of the due process clause, the two inquiries are merged and the court need only determine whether exercising personal jurisdiction violates constitutional due process. *Id.*, *citing Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996). The Ohio Supreme Court has determined that Ohio's long-arm statute does not extend to the limits of the Due Process Clause. *Goldstein v.*

*Christiansen*, 638 N.E.2d 541, 545 n. 1 (Ohio 1994). Therefore, the Court must determine if personal jurisdiction is present under Ohio's long-arm statute and, if so, whether personal jurisdiction comports with due process.[2]

Ohio's long-arm statute provides, in relevant part, that a court may exercise personal jurisdiction over a cause of action arising from a person:

> . . .
>
> (3) Causing tortious injury by an act or omission in this state;
>
> (4) Causing tortious injury in this state by an act or omission outside this state if he [or she] regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
>
> . . .
>
> (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he [or she] might reasonably have expected that some person would be injured thereby in this state;
>
> (7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity.

Ohio Rev. Code § 2307.382(A)(3, 4, 6, 7).

In the Amended Complaint, Plaintiffs allege constitutional violations based upon the confiscation of the vehicle:

> After Chief Streicher and the Cincinnati Police Department stole Mr.

---

[2]Because the Ohio Supreme Court has held that the Ohio long-arm statute does not extend to the requirements of the Due Process Clause, this Court has held in several cases that Ohio does not allow general jurisdiction over a nonresident defendant, and only specific jurisdiction is available under Ohio's long-arm statute. *See Signom v. Schenck Fuels, Inc.*, 2007 WL 1726492, *3 (S.D.Ohio June 13, 2007) (slip op.); *U.S. Diamond & Gold v. Julius Klein Diamonds LLC*, 2007 WL 1026421, *4 (S.D.Ohio March 29, 2007) (slip op.); *NCR Corporation v. PC Connections, Inc.*, 384 F.Supp.2d 1152, (S.D.Ohio 2005); *MacDonald v. Navistar International Transportation Corp.*, 143 F. Supp 2d 918, 923 (S.D.Ohio 2001).

> Livingston's vehicle, they transported it across state lines from the State of Ohio into the Commonwealth of Kentucky, and there transferred possession of the stolen vehicle to the City of Covington, Chief Schonecker and the Covington Police Department, Redwine and Crockett. The vehicle was held, and, upon information and belief, continues to be held, at Covington Police Department Impound Lot.
>
> Upon information and belief, Defendants Crockett, Redwine, Chief Schonecker, the City of Covington's Police Department, and the unidentified John and Jane Doe Covington Police officers engaged in the criminal act of Possession of a Stolen Motor Vehicle and should be prosecuted, and would be prosecuted if they were not members of the Kenton County Commonwealth Attorney's office or the City of Covington's Police Department.

(Doc. 3, ¶¶ 31, 32) There is no allegation in the Amended Complaint that Redwine and Crockett committed any acts or omissions in Ohio. There also is no allegation that Redwine and Crockett regularly do or solicit business, or engage in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in Ohio. While Plaintiffs allege that Redwine and Crockett engaged in the criminal act of "Possession of a Stolen Vehicle," there is no allegation that any element of this alleged crime took place in Ohio. However, Plaintiff Nathaniel Livingston now alleges in his objections that Redwine and Crockett entered into a conspiracy with the Defendants in Ohio. Also in the objections, Plaintiff argues that Redwine and Crockett did have contacts with Ohio because they would have been "responsible for prosecuting the case" and obtaining the warrant to seize the vehicle. There are also allegations in the Amended Complaint that Redwine an Crockett "knew or should have known" that confiscating the vehicle violated Plaintiffs' Constitutional rights and that "the actions taken by them were carried out in a deliberate, callous, and intentional manner in order to injure and damage Plaintiffs." (Doc. 3, ¶¶ 48, 50) If the Court accepts Plaintiffs' allegations,

which are alleged for the first time in the recently-filed objections, and construes Plaintiffs' *pro se* pleadings liberally, Plaintiffs have made a *prima facie* showing of jurisdiction under the sixth and seventh subsections of Ohio's long-arm statute. *See Herbruck v. LaJolla Capital*, 2000 WL 1420282, *3 (Ohio Ct. App. Sept. 27, 2000) (unpublished) (finding that section (A)(6) provides personal jurisdiction where a non-resident allegedly committed conversion, fraud and civil conspiracy outside of Ohio knowing that the stock involved was of an Ohio corporation).

However, even though the Court has found that personal jurisdiction over Redwine and Crockett exists under Ohio's long-arm statute, the Court finds that exercising personal jurisdiction over these Defendants does not comport with due process.

The Sixth Circuit has established a three part test for determining whether personal jurisdiction under Ohio's long-arm statute comports with due process: (1) the defendant must purposefully avail itself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Youn v. Track, Inc.*, 324 F.3d 409, 418 (6th Cir. 2003), *citing Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

Purposeful availment as been referred to as the "sine qua non" for personal jurisdiction. *Southern Machine*, 401 F.2d at 381-82. As such, this requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party of a third person."

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citations omitted). The Court finds that none of the alleged acts of Redwine and Crockett constitute purposeful availment even if the Court accepts Plaintiffs' allegations that Redwine and Crockett were "responsible for prosecuting the case" and obtaining the warrant to seize the vehicle. These acts were random, fortuitous, or attenuated contacts, and it was the Cincinnati Police Department which allegedly stole and transferred the vehicle to Redwine and Crockett. *Accord Hart v. U.S.*, 2004 WL 1559569, *6 (S.D.Ohio May 14, 2004) (unpublished) (concluding that exercise of personal jurisdiction over attorney from Department of Justice Office in Washington, DC does not satisfy due process requirements where attorney did not solicit business in Ohio and her presence in Ohio was simply the result of the plaintiff having filed an action against the United States in Ohio); *Cook v. Holzberger*, 788 F.Supp. 347, 350-51 (S.D.Ohio 1992) (holding that sheriff in another state was not subject to long-arm jurisdiction based on use of information in the National Crime Information Center (NCIC) computer system and his postarrest communications with officials in the forum state).

Because this Court finds that the first prong of the test is not satisfied, it need not proceed further in its analysis. *See LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1303 (6th Cir.1989) ("each *Southern Machine* criterion represents an independent requirement, and failure to meet any one of the three means that personal jurisdiction may not be invoked" ). Therefore, Plaintiffs have failed to establish personal jurisdiction over Defendants Redwine and Crockett, and the Motion for Judgment on the Pleadings should be granted.

### D. Failure to Prosecute

The Federal Rules of Civil Procedure provide in pertinent part that, "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b).

Moreover, district courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Four factors guide a court's dismissal pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998). Furthermore, although none of the above factors alone is outcome dispositive, a court has properly dismissed a case where there is a "clear record of delay or contumacious conduct." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999), *citing Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980).

Because Plaintiffs have provided no explanation to the contrary, the Court must conclude that Plaintiffs' failure to appear for the June 23, 2006 telephone conference, failure to respond to Defendants' Motion for Judgment on the Pleadings, or failure to respond to the Magistrate Judge's Order to Show Cause are the result of willfulness, bad

faith, or fault. While Plaintiff Nathaniel Livingston claims that he did not receive a copy of the Motion for Judgment on the Pleadings or the Magistrate Judge's Order to Show Cause, the Court notes that there is a rebuttable presumption that a plaintiff receives the regular mail sent to him or her. *See Rucker v. Potter*, 2007 WL 205555 at *2 (6th Cir. 2007). The record shows that the Motion and the Order were served upon Nathaniel Livingston at his correct address. Plaintiff has done nothing to rebut the presumption that he received a copy of the Motion and Order at that address. Furthermore, based on the statements in the Parties' 26(f) Report, Plaintiffs were aware that Defendants' Motion was pending.

In addition, the Court notes that correspondence sent by the Clerk's Office to both Plaintiffs via certified mail has repeatedly been "unclaimed." The Court acknowledges that "unclaimed" does not necessarily mean that an address is no longer correct. Instead, it indicates that the addressee abandoned or failed to call for mail. *See* United States Postal Service, Domestic Mail Manual (DMM), § 507, Exh. 1.4.1. Since the addresses used on this correspondence are the same addresses provided to the Court by Plaintiffs, the Court finds that the addresses were correct, and Plaintiffs refused to claim the mail. This repeated refusal creates a clear record of contumacious conduct.

The Court notes that previously this Court has dismissed other actions filed by Plaintiff Nathaniel Livingston dismissed for lack of prosecution, failure to pay filing fee, and failure to respond to an order to show cause. *See Livingston v. Simmons, et al.*, No. 1:03cv349; *Livingston v. The Know Theater, et al.*, 1:03mc27; *Livingston v. The Know Theater, et al.*, No. 1:04cv402. Based upon this history, the Court finds that Plaintiff Nathaniel Livingston was well-aware that failure to cooperate could lead to dismissal.

Finally, less drastic sanctions were considered before dismissal was ordered. As

the Magistrate Judge's Order to Show Cause makes clear, the failure to respond to Defendants' Motion for Judgment on the Pleadings could be construed as unopposed, and the Defendant would be dismissed for the reasons stated in the motion.

Based on the above analysis, the Court finds that Plaintiff have failed to prosecute this matter, and dismissal pursuant to Federal Rule of Civil Procedure 41(b) is warranted.

## IV. CONCLUSION

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court finds no error in the Magistrate Judge's R&R. Accordingly, the Magistrate Judge's R&R (Doc. 43) is hereby **ADOPTED** and it is hereby **ORDERED** that:

1. Defendants James T. Redwine and William Crockett's Motion for Judgment on the Pleadings (Doc. 36) be granted;

2. This action be dismissed in its entirety, with prejudice, for failure to prosecute; and

3. This case shall be **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                          */s/ Michael R. Barrett*
                          Michael R. Barrett, Judge
                          United States District Court